UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INDIRA GRADASCEVIC,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 16-cv-12998
Hon. Matthew F. Leitman

**<u>ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF #21) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #20), (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION, (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF #14), AND (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #19)</u>**

In this action, Plaintiff Indira Gradascevic challenges the denial of her applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). After the parties filed cross-motions for summary judgment, the assigned Magistrate Judge issued a Report and Recommendation in which he recommended that the Court (1) grant summary judgment in favor of the Defendant, the Commissioner of Social Security, and (2) deny Gradascevic's motion for summary judgment (the "R&R"). (*See* ECF #20.) Gradascevic filed a timely objection to the R&R (the "Objection"). (*See* ECF #21.) The Court has conducted a *de novo* review of the portions of the R&R to which Gradascevic has objected. For

1

the reasons stated below, the Court **OVERRULES** the Objection, **ADOPTS** the recommended disposition of the R&R, **GRANTS** the Commissioner's motion for summary judgment, and **DENIES** Gradascevic's motion for summary judgment.

# I

## A[1]

On April 1, 2013, and April 18, 2013, Gradascevic filed applications for SSI and DIB (the "Applications"). (*See* Admin. R., ECF #8-5 at Pg. ID 199-200, 208-14.) In the Applications, Gradascevic alleged she became disabled on March 24, 2010. (*See id.*) Among other things, Gradascevic says that she suffers from Reflex Sympathetic Dystrophy Syndrome/Complex Regional Pain Syndrome ("Regional Pain Syndrome") (specifically left hand and wrist pain radiating to her neck), anxiety, depression, sleeplessness, and substantial side effects from her medications. The Social Security Administration (the "SSA") denied the Applications because it found that Gradascevic was not disabled. (*See* Admin. R., ECF #8-4 at Pg. ID 131-34.)

Gradascevic thereafter requested and received a *de novo* hearing before administrative law judge Timothy C. Scallen (the "ALJ"). The ALJ held that hearing

---

[1] The Court recites only the facts relevant to Gradascevic's Objection. A full description of the facts is available in the R&R.

on November 12, 2014. Gradascevic, her husband, and an impartial vocational expert all testified at the hearing.

On May 13, 2015, the ALJ issued a written decision affirming the SSA's denial of benefits. (*See* Admin. R., ECF #8-2 at Pg. ID 64-74.) In the ALJ's decision, he found that Gradascevic suffered from the following severe impairments: "depressive disorder, anxiety disorder, and [Regional Pain Syndrome] (left upper extremity) with a history of recurrent ganglion cyst (left wrist)." (*Id.* at Pg. ID 66.) Despite these impairments, the ALJ nonetheless concluded that Gradascevic was not disabled and was "capable of performing [her] past relevant work as a housekeeper/cleaner." (*Id.* at Pg. ID 72.)

The ALJ based his opinion in part on a 2013 examination of Gradascevic by consultative examiner Dr. Ernesto Bedia. (*See id.* at Pg. ID 70-71.) During that examination, Dr. Bedia did not observe any "atrophy or asymmetry in any [of Gradascevic's] extremit[ies]," and "save for some neck and left shoulder range of motion limitations, [Gradascevic's] exam was otherwise normal." (*Id.* at 70.) In addition, during that examination, Gradascevic denied having any fatigue, she had no "swelling or tenderness of her bilateral hands or fingers[,] and her fine and gross movements were intact." (*Id.* at 70-71.) The ALJ concluded that "Dr. Bedia's opinion [was] well supported by objective diagnostic testing, his well-trained observation, an impartial analysis of [Gradascevic's] present illness, and a well-

reasoned conclusion." (*Id.* at 71.) He therefore afforded "substantial weight" to that opinion. (*Id.*)

B

On August 17, 2016, Gradascevic filed this action challenging the SSA's denial of benefits. (*See* Compl., ECF #1.) Gradascevic and the Commissioner then filed cross-motions for summary judgment. (*See* Gradascevic's Mot. Summ. J., ECF #14; Commissioner's Mot. Summ. J., ECF #19.) One of the arguments Gradascevic made in her motion was that the ALJ did not properly apply Social Security Ruling 03-2p ("SSR 03-2p")[2] when he evaluated her claim that she suffered from Regional Pain Syndrome. (*See* Gradascevic's Mot. Summ. J., ECF #14 at Pg. ID 557-59.) She also argued that the ALJ assigned too much weight to Dr. Bedia's analysis. (*See id.* at 559-60.)

The Court referred the cross-motions to the assigned Magistrate Judge. On February 15, 2017, the Magistrate Judge issued the R&R in which he recommended that the Court grant the Commissioner's motion and deny Gradascevic's motion. (*See* R&R, ECF #20) In arriving at his recommendation, the Magistrate Judge carefully analyzed the arguments that Gradascevic made in her motion for summary judgment, including her arguments that her Regional Pain Syndrome rendered her

---

[2] SSR 03–2p addresses how to evaluate cases involving Regional Pain Syndrome.

disabled and that the ALJ relied too heavily on Dr. Bedia's opinion. Ultimately, the Magistrate Judge was not persuaded by any of Gradascevic's arguments. (*See id.*)

On February 28, 2017, Gradascevic filed the Objection. (*See* ECF #21.) The Objection, quoted in full below, objects to the Magistrate Judge's conclusion that the ALJ properly analyzed Gradascevic's claim that she was disabled as a result of her Regional Pain Syndrome:

> The Magistrate Judge erroneously concluded (p 20) that the ALJ's analysis is consistent with the requirements of SSR 03-2p for evaluation of RSD/ CRPS disability claims, citing only mild abnormalities on the Left Wrist Bone Scan and no evidence of Osteoporosis. However, Osteoporosis is not always present in RSD/ CRPS cases, and is not a required criteria for diagnosis of the condition. SSR 03-2p recognizes this, and further that the pain is disproportionate to underlying pathology. Thus the cited facts do not undercut the claim of disability due to RSD/ CRPS, which is otherwise supported by Claimant's pain complaints, and indications of autonomic instability such as color changes and temperature changes. The Magistrate further cites the manifestly normal Left Upper Extremity evaluation of SSA Consultant Dr. Bedia. However, SSR 03-2p further recognized that the clinical symptoms of RSD/ CRPS are transient, thus the difficulty in making a correct diagnosis, the importance of the longitudinal record, and the heightened importance of the treating physician evidence. Here, all treating and examining physicians other than Dr. Bedia agree with the diagnosis of RSD/ CRPS, even the worker's compensation Consultative Examiner, Dr. Paige.

(*Id.* at Pg. ID 637.)

## II

### A

Where a party objects to a portion of a Magistrate Judge's R&R, the Court reviews that portion *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### B

In reviewing the disputed findings of an ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and are made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247. "[A] court is obligated to remand for further administrative proceedings if there are any unresolved essential factual

issues." *Meehleder v. Comm'r of Soc. Sec.*, 2012 WL 3154968, at *2 (E.D. Mich. Aug. 2, 2012) (citing *Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994)).

### III

In Gradascevic's sole objection to the R&R, she insists that "[t]he Magistrate Judge erroneously concluded [] that the ALJ's analysis is consistent with the requirements of SSR 03-2p for evaluation of [Gradascevic's Regional Pain Syndrome] claims." (Objection, ECF #21 at Pg. ID 637.) More specifically, Gradascevic appears to argue that both the ALJ and the Magistrate Judge erred when they failed to recognize that she had been diagnosed with Regional Pain Syndrome. For example, Gradascevic takes issue with the Magistrate Judge's finding that her claim of disability from Regional Pain Syndrome was "undermined" by a bone scan of her wrist that showed no signs of osteoporosis, "one of the few objectively verifiable characteristics of [Regional Pain Syndrome]." (R&R, ECF #20 at Pg. ID 626.) According to Gradascevic, "osteoporosis is not always present in [Regional Pain Syndrome] cases, and is not a required criteria for diagnosis of the condition." (Objection, ECF #21 at Pg. ID 637.) Gradascevic also argues that Dr. Bedia's conclusion that she was not disabled was flawed because "the clinical symptoms of [Regional Pain Syndrome] are transient," which makes diagnosis of the disorder during a single examination "difficult[]." (*Id.*) Finally, Gradascevic points out that

7

"all treating and examining physicians other than Dr. Bedia agree with the diagnosis of [Regional Pain Syndrome]." (*Id.*)

Gradascevic has misconstrued the R&R and the ALJ's ruling. Neither the ALJ nor the Magistrate Judge concluded that Gradascevic did not suffer from, or had not been diagnosed with, Regional Pain Syndrome. Indeed, the ALJ acknowledged that diagnosis and found that the syndrome was a "severe impairment" that had "more than a minimal effect on [Gradascevic's] ability to perform basic work activities." (Admin R., ECF #8-2 at Pg. ID 66.) Likewise, the Magistrate Judge concluded that Gradascevic's lack of osteoporosis only "undermined [Gradascevic's] *claims of disability* resulting from the condition," not the existence of the condition. (R&R, ECF #20 at Pg. ID 626; emphasis added.) Thus, both the ALJ and the Magistrate Judge accepted and accounted for Gradascevic's diagnosis when reaching their conclusions.

To the extent that Gradascevic argues in the Objection that the ALJ (and, in turn, the Magistrate Judge) erred when he concluded that her Regional Pain Syndrome did not render her disabled, the Court declines to substitute its findings for that of the ALJ. *See Young v. Sec'y of Health & Human Servs.*, 787 F.2d 1064, 1066 (6th Cir. 1986) ("A reviewing court does not conduct a *de novo* examination of the evidence and it is not free to substitute its findings of fact for those of the Secretary if substantial evidence supports those findings and inferences"). Here, the

8

ALJ conducted a thorough review of the record before concluding that Gradascevic's Regional Pain Syndrome, despite being a severe impairment, was not disabling. Moreover, while Gradascevic argues that her disability "is supported by [her] pain complaints," both the ALJ and the Magistrate Judge cogently explained why those complaints were not credible and were not consistent with the entirety of the medical evidence in the record. (*See* Admin R., ECF #8-2 at Pg. ID 68-72; R&R, ECF #20 at Pg. ID 625-28, 31-32.) This comprehensive review of Gradascevic's medical records assures the Court that even if "the clinical symptoms of [Regional Pain Syndrome] are transient" as Gradascevic claims (*see* Objection, ECF #21 at Pg. ID 637), the ALJ's conclusion was based on more than a single examination during a single finite period of time. Accordingly, the Court overrules the Objection.

## IV

For the reasons stated above, **IT IS HEREBY ORDERED** that:

- Gradascevic's Objection to the R&R (ECF #21) is **OVERRULED**;

- The Magistrate Judge's recommended disposition in the R&R (ECF #20) is **ADOPTED**;

- Gradascevic's Motion for Summary Judgment (ECF #14) is **DENIED**; and

- The Commissioner's Motion for Summary Judgment (ECF #19) is **GRANTED**.

Dated: September 5, 2017

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 5, 2017, by electronic means and/or ordinary mail.

                                              s/Holly A. Monda  
                                              Case Manager  
                                              (810) 341-9764